UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID THOMPSON BOYD,<br><br>  Petitioner,<br><br>  v.<br><br>LOS ANGELES COUNTY SHERIFF DEPT.,<br><br>  Respondent. | NO. CV 15-6634-MMM (AGR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, who is not in custody, filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that Petitioner has failed to exhaust his administrative remedies.

The court therefore orders Petitioner to show cause on or before **October 16, 2015** why this court should not recommend dismissal of the petition without prejudice based on failure to exhaust administrative remedies.

## I.
## **PROCEDURAL BACKGROUND**

On August 1, 2014, a Los Angeles County Superior Court jury convicted Petitioner of possession of a firearm by a felon. (Petition at 2.) Petitioner was sentenced to six months in jail. (*Id.*)

On May 5, 2014, Petitioner filed a petition for writ of mandate in the California Court of Appeal, which was denied on May 7, 2014 with the court noting "Petitioner has also failed to demonstrate this court, rather than the Superior Court Appellate Division, is the appropriate court for appellate review." California Appellate Courts online docket in Case No. B255608.

On October 27, 2014, Petitioner filed a petition for writ of prohibition in the Court of Appeal, which was denied without comment on October 29, 2014. California Appellate Courts online docket in Case No. B259262.

Petitioner alleges he sought further review in the California Supreme Court, but he does not know the case number or the result. (Petition at 3.) Based on the court's review of the California Appellate Courts online docket, Petitioner has never filed anything related to this conviction in the California Supreme Court.

On August 28, 2015, Petitioner filed the instant petition in this court in which he raises one ground, a violation of due process. (Petition at 6.)

## II.
## **EXHAUSTION**

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the

state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Based on the court's review of California's online docket, Petitioner has never presented any grounds for relief to the California Supreme Court. Thus, the petition appears to be completely unexhausted and is subject to dismissal without prejudice on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that on or before **October 16, 2015** Petitioner shall show cause why the court should not recommend dismissal of the petition without prejudice based on failure to exhaust administrative remedies.

**If Petitioner fails to respond to the order to show cause by October 16, 2015, the petition is subject to dismissal.**

DATED: September 16, 2015

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

3